[Civ. No. 9653.  Second Appellate District, Division One.—April 8, 1936.]

RALPH JACKSON, Respondent, v. COMMUNITY OIL COMPANY, LTD. (a Corporation), et al., Defendants; FRANK O. CREASEY et al., Appellants.

Mayock & Lester for Appellants.

Sherman & Sherman for Respondent.

YORK, J.—Appellants rented from the Lyons Oil Company, a corporation, in April, 1932, certain oil drilling equipment, upon which was due and unpaid on March 1, 1933, rental in the sum of $574. On or about March 15, 1933, the Lyons Oil Company assigned its rental account and conveyed title to the equipment herein involved to the respondent. On March 1, 1933, the defendant Community Oil Company, Ltd., rented the equipment from respondent, and used the same until it was repossessed by respondent in August, 1933, at the time this action was commenced.

Respondent brought this action to recover possession of said property from the Community Oil Company, Ltd., and the appellants, Creasey and Charleston, and to recover the amount of rental due therefor. Judgment was entered in favor of respondent ordering defendants to deliver possession of certain detailed equipment, or in the alternative, the sum of $1500, the reasonable market value of said property. It was further ordered that respondent recover from appellants, Creasey and Charleston, the sum of $574.50, the amount of rental unpaid and owing to respondent's assignor; also that respondent recover from defendant Community Oil Company, Ltd., the sum of $2,670, which represented the rentals for the equipment from March 1 to August 25, 1933, and $126.50 costs which were assessed against all defendants.

The court, among other things, found that plaintiff and respondent "is now and at all times subsequent to September 1, 1932, has been the owner of and prior to the commencement of this action was entitled to the possession" of the property herein involved.

Upon this appeal, it is urged that the judgment is erroneous in the following respects: (1) The judgment for possession of the property or for damages against appellants is erroneous since they were not in possession of the property and did not claim an interest therein; (2) The judgment for $574.50 for rental is erroneous since there is no evidence to support the finding that the Lyons Oil Company assigned its claim for that amount to respondent; (3) The judgment for costs against appellants is erroneous because the money judgment against them is less than two thousand dollars.

As to appellants' first point, the answer of Creasey admits possession of the property, and claims that it was

owned by parties other than the respondent, and that he, Creasey, "informed the plaintiff that he could come and get said property at any time". The evidence is contradictory in regard to this phase of the case, but the court found, upon sufficient evidence, that all the defendants and appellants had possession of the property and refused to deliver possession to respondent. The judgment for possession is, therefore, not erroneous as regards the appellants.

There was sufficient documentary evidence introduced upon the trial of this action to sustain the finding that the Lyons Oil Company assigned to respondent its claim for rental in the sum of $574.50; furthermore, appellants agreed to pay this sum to respondent, as evidenced by plaintiff's exhibit No. 1, which reads as follows:

"October 11th, 1932.

"Mr. Jackson,
    "Long Beach,
        "California.

"Dear Mr. Jackson:

"In consideration of your permitting the equipment rented under an order of April 27, 1932, from Lyons Oil Company, Ltd., which you state is your personal property, to remain on the premises of the Community Oil Company for use by it in future drilling operations, and of your assurance of this fact to the Corporation Department of the State of California, the undersigned hereby agrees that said bill for rental will be paid prior to the payment of any other indebtedness incurred by Community Oil Company or the undersigned.

"Yours very truly,
                "FRANK O. CREASEY
                "FRANK O. CREASEY
                "ALBERTA CHARLESTON
                "ALBERTA CHARLESTON."

There is, therefore, no merit in appellants' second point.

As to appellants' third point that costs were improperly taxed against them, the pleadings allege the value of the property to be $2,100, but the court found upon evidence that the property was of the value of $1500; this sum in addition to the sum of $574.50 due for rental of the prop-

erty made a total judgment in excess of the sum necessary to support the judgment for costs.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.